UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SANTIAGO MARTINEZ,

    Plaintiff,

vs.

KEVIN R. CHAPPELL,

    Defendant.

No. C 12-6164 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint. The first amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In the prior complaint plaintiff stated that doctors had stopped prescribing him Tramadol for pain and instead prescribed Acetaminophen, which was not sufficient to control his back pain.  Plaintiff had been prescribed Tramadol but a blood test indicated that there was no Tramadol in plaintiff's system which was indicative of not taking the medication and in violation of the medication agreement between the prison and inmates. Plaintiff has been provided leave to amend on two separate occasions to demonstrate deliberate indifference on behalf of defendants, not just that he disagreed with their treatment plan.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

*grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In this case, plaintiff focuses on the difference of opinion with his medical providers, but this alone fails to state a claim. *See Franklin.* While plaintiff has now presented some allegations regarding the ill effects of just taking Acetaminophen, back locks, pain and depression, at most he has described negligence, but not deliberate indifference, especially as there was a dispute if he was even taking the medication when it was prescribed. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's brief allegations in the second amended complaint fail to meet this standard to demonstrate an Eighth Amendment claim.

Moreover, in this complaint plaintiff identifies as defendants, Dr. Grant and Dr. Jones. Plaintiff does not allege that these doctors discontinued his medication or even treated him. He simply states that these doctors were aware of his medical problems based on his records and are therefore liable as his medication was discontinued. This conclusory statement is insufficient and plaintiff has failed to connect these defendants to the alleged constitutional deprivation. As plaintiff has already been provided several opportunities to amend, and has still failed to cure the deficiencies identified by the court, this case is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated: April 8, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Martinez6164.dis.wpd

4