**United States District Court**
For the Northern District of California

1
2
3              UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5                     OAKLAND DIVISION
6
7   SANTIAGO MARTINEZ,
8              Plaintiff,                    No. C 12-6164 PJH (PR)
9      vs.                                   **ORDER OF DISMISSAL**
10  KEVIN R. CHAPPELL,
11             Defendant.
12  _____/
13          Plaintiff, a state prisoner, has filed a pro se civil rights complaint.  The first amended
14  complaint was dismissed with leave to amend and plaintiff has filed a second amended
15  complaint.
16                          **DISCUSSION**
17  **A.    Standard of Review**
18          Federal courts must engage in a preliminary screening of cases in which prisoners
19  seek redress from a governmental entity or officer or employee of a governmental entity.
20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
22  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
26  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
27  the statement need only '"give the defendant fair notice of what the . . . . claim is and the
28  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In the prior complaint plaintiff stated that doctors had stopped prescribing him Tramadol for pain and instead prescribed Acetaminophen, which was not sufficient to control his back pain.  Plaintiff had been prescribed Tramadol but a blood test indicated that there was no Tramadol in plaintiff's system which was indicative of not taking the medication and in violation of the medication agreement between the prison and inmates.  Plaintiff has been provided leave to amend on two separate occasions to demonstrate deliberate indifference on behalf of defendants, not just that he disagreed with their treatment plan.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

United States District Court
For the Northern District of California

1   *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

2   A determination of "deliberate indifference" involves an examination of two elements: the

3   seriousness of the prisoner's medical need and the nature of the defendant's response to

4   that need.  *Id.* at 1059.

5        A "serious" medical need exists if the failure to treat a prisoner's condition could

6   result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The

7   existence of an injury that a reasonable doctor or patient would find important and worthy of

8   comment or treatment; the presence of a medical condition that significantly affects an

9   individual's daily activities; or the existence of chronic and substantial pain are examples of

10  indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

11       A prison official is deliberately indifferent if he or she knows that a prisoner faces a

12  substantial risk of serious harm and disregards that risk by failing to take reasonable steps

13  to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

14  "be aware of facts from which the inference could be drawn that a substantial risk of serious

15  harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have

16  been aware of the risk, but was not, then the official has not violated the Eighth

17  Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175,

18  1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

19  medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v.*

20  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

21       In this case, plaintiff focuses on the difference of opinion with his medical providers,

22  but this alone fails to state a claim.  *See Franklin*.  While plaintiff has now presented some

23  allegations regarding the ill effects of just taking Acetaminophen, back locks, pain and

24  depression, at most he has described negligence, but not deliberate indifference, especially

25  as there was a dispute if he was even taking the medication when it was prescribed.  "[A]

26  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

27  that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

28  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* Plaintiff's brief allegations in the second amended complaint fail to meet this standard to demonstrate an Eighth Amendment claim.

Moreover, in this complaint plaintiff identifies as defendants, Dr. Grant and Dr. Jones. Plaintiff does not allege that these doctors discontinued his medication or even treated him. He simply states that these doctors were aware of his medical problems based on his records and are therefore liable as his medication was discontinued. This conclusory statement is insufficient and plaintiff has failed to connect these defendants to the alleged constitutional deprivation. As plaintiff has already been provided several opportunities to amend, and has still failed to cure the deficiencies identified by the court, this case is dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated:  April 8, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Martinez6164.dis.wpd

**United States District Court**
For the Northern District of California

4